UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>                Plaintiff,<br><br>        v.<br><br>FRANK CHANG,<br><br>                Defendant. | Case No.: 1:22-cv-00726 SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 2.) |

Plaintiff John Louis Spears is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On June 2, 2022, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 2.) He contends the "interests of justice" support his request for the following reasons: (1) due to his incarceration, Plaintiff is restricted in "his ability to effectively litigate" the action due to COVID-19, resulting in limited access to the law library; (2) an attorney "can do things" Plaintiff cannot, including "access, research, making appearances, trial preparations, interviewing witnesses, defendant(s), other investigative strategies, and, lastly, the complexity of the case;" (3) the "permanent loss of [Plaintiff's] finger has created many disadvantages" including being unable "to grip a pen or pencil without being in pain," limiting his "ability to write or type" and requiring "assistance from inmates and or ADA worker that will ultimately create a liability that can will

expose [him] to dangers unseen;" (4) Plaintiff suffers from PTSD, night terrors, depression and anxiety, making it difficult to "truly concentrate and do the task at hand"; (5) a trial will "involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses." (*Id.* at 1-2.) Plaintiff asks the Court to appoint counsel "from the California Pro Bono Project." (*Id.* at 2.)

## II.   DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In this case, Plaintiff's complaint asserts an Eighth Amendment claim for deliberate indifference to

serious medical needs following an incident on February 2, 2017, wherein Plaintiff's "finger was severed in an accident" and his finger could not be reattached because the treating physician at the prison facility did not properly store and preserve the amputated finger. (Doc. 1.) While perhaps unusual, Plaintiff's case is simply not one involving exceptional circumstances.

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits because his complaint has not yet been screened. 28 U.S.C. § 1915A. Nevertheless, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

To the extent Plaintiff's access to the law library is restricted due to COVID-19, the Court will entertain motions for additional time to comply with deadlines in this case, for good cause shown. Such restrictions, however, are not a basis for the appointment of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); *Snowden v. Yule*, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners).

Regarding Plaintiff's contention that PTSD, night terrors, depression and anxiety necessitate the appointment of counsel, those circumstances do not change the analysis. *See Jones v. Kuppinger*, 2015 WL 5522290, at *3–*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported

by "substantial evidence of incompetence"); *McElroy v. Cox*, Civil No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009).

The fact that an attorney may be better able to perform research, investigate, and prepare for and represent Plaintiff at trial, again, does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Here, Plaintiff's complaint adequately articulates his Eighth Amendment deliberate indifference claim against a single defendant.

Finally, as to Plaintiff's physical limitations, Plaintiff has not presented evidence that these limitations impede his ability to litigate this case. A review of Plaintiff's complaint reveals "an amputation of his distal phalanx on the left middle finger distal to the DIP. … The amputated distal fingertip measures 2 cm in length with the entire nail bed within the fragment." (Doc. 1 at 6-7.) While Plaintiff's amputated fingertip may be sensitive and painful, there is no evidence Plaintiff's disability prevents him from articulating his claim. Further, Plaintiff acknowledges the availability of assistance from another inmate and/or ADA worker and can adequately articulate his claims with that assistance. *See Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations

of this case ... as well as the matters now before the court").

Plaintiff's contention that those individuals "create a liability that can and will expose [him] to dangers unseen," (Doc. 2 at 1-2), is speculative and defies common sense. Plaintiff does not explain how another inmate or an ADA worker's assistance would "create a liability" or present "dangers unseen," particularly where those individuals are presumably assisting Plaintiff by writing or typing documents at Plaintiff's direction, rather than authoring the documents themselves.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's motion for the appointment of counsel (Doc. 2) is DENIED.

IT IS SO ORDERED.

Dated:   **July 7, 2022**                             /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE