UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>   Plaintiff,<br><br>   v.<br><br>FRANK CHANG,<br><br>   Defendant. | Case No.: 1:22-cv-00726 SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT CHANG SHOULD NOT BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds solely on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Chang.

**I.     RELEVANT PROCEDURAL BACKGROUND**

The Court issued its Order Finding Service Appropriate on April 18, 2023, directing service of process on Defendant Frank Chang, M.D., at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. (Doc. 14.)

On May 30, 2023, the California Department of Corrections and Rehabilitation ("CDCR") filed a notice of intent to waive service as to Defendant Chang. (Doc. 16.) On June 5, 2023, the CDCR filed an amended notice, advising the Court that contact with Chang at SATF was attempted but failed. (Doc. 17.) A last known address of 161 W. Fairview Ave., in San Gabriel,

California was noted. (*Id*.)

On September 15, 2023, the United States Marshall filed its USM-285 form stating service could not be effected on Defendant Frank Chang. (Doc. 18 at 1.) The United States Marshal was advised by the current resident of 161 W. Fairview Avenue in San Gabriel, California, that Chang has not resided at that address "as of March 2021." (*Id*. at 2.)

## I.     DISCUSSION AND ORDER

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . .." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal has attempted to serve Defendant Frank Chang without success. Plaintiff identified Defendant Chang as a physician employed at SATF on February 2, 2017. (*See* Doc. 1 & Doc. 14 at 1.)  The U.S. Marshal was advised that Chang could not be located at SATF and efforts to serve Chang at his last known address were unsuccessful because

Chang has not resided at that address for more than two years. Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant Chang. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate this individual, Defendant Chang shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure. It is Plaintiff's obligation to provide the United States Marshal with accurate and sufficient information to effect service of process. *Id.*

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Chang should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendant Chang for service of process.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Chang should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant Chang's current location; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **September 18, 2023**            /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

3