1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JOHN LOUIS SPEARS, | Case No.: 1:22-cv-00726 SKO (PC) |
| 12          Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| 13    v. | (Doc. 19) |
| 14 FRANK CHANG, | **ORDER DIRECTING PLAINTIFF TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE UPON DEFENDANT CHANG WITHIN 30 DAYS** |
| 15          Defendant. | |

16

17

18

19          Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights

20  action brought pursuant to 42 U.S.C. § 1983. This action proceeds solely on Plaintiff's Eighth

21  Amendment deliberate indifference to serious medical needs claim against Defendant Chang.

22          **I.          RELEVANT BACKGROUND**

23          The Court issued its Order Finding Service Appropriate on April 18, 2023, directing

24  service of process on Defendant Frank Chang, M.D., at the Substance Abuse Treatment Facility

25  ("SATF") in Corcoran, California. (Doc. 14.)

26          On May 30, 2023, the California Department of Corrections and Rehabilitation ("CDCR")

27  filed a notice of intent to waive service as to Defendant Chang. (Doc. 16.) However, on June 5,

28  2023, the CDCR filed an amended notice, advising the Court they attempted contact with Chang

at SATF, but failed to contact him. (Doc. 17.) A last known address was provided. (*Id.*)

On September 15, 2023, the United States Marshall filed its USM-285 form indicating service could not be effected on Defendant Chang. (Doc. 18 at 1.) The United States Marshal was advised by the current resident of 161 W. Fairview Avenue in San Gabriel, California, that Chang has not resided at that address "as of March 2021." (*Id.* at 2.)

On September 18, 2023, the Court issued its Order to Show Cause ("OSC") Why Defendant Chang Should Not Be Dismissed from this Action for Plaintiff's Failure to Provide Sufficient Information to Effectuate Service. (Doc. 19.)

On October 19, 2023, Plaintiff filed a response to the OSC. (Doc. 20.)

**II.     DISCUSSION**

In his response to the OSC, Plaintiff contends he has "provided the Court and U.S. Marshals information and location where defendant, Frank Chang, could [] be located for effective service." (Doc. 20 at 2.) He states because he is incarcerated, pro se and proceeding *in forma pauperis*, he "has no other option but to rely upon the U.S. Marshal for service of summons and complaint." (*Id.*) Plaintiff contends that due to his incarceration, he "has no access to the internet or social media to assist the U.S. Marshall and the Court to locate the defendant so that service can be completed." (*Id.*) Plaintiff states Defendant Chang, as a doctor, "has a medical license and license number that the U.S. Marshal's and Court can trace and find the defendant's current address and place of employment." (*Id.* at 2-3.) Plaintiff states Defendant Chang should have a driver's license, "which if ran through the Department of Motor Vehicle(DMV) data base the defendant's current address would be provided and the U.S. Marshal could effectuate service." (*Id.* at 3.) Plaintiff contends Defendant Chang should not be dismissed from the action because Plaintiff "has provided the Court and the U.S. Marshal's all of the information he had regarding" Defendant's location. (*Id.*) Plaintiff asserts "Defendant either is currently or was an employee of Department of Corrections and Rehabilitation(CDCR), at the Substance Abuse Treatment Facility @ Corcoran, in California," and that "CDCR should have and/or keep the home number or cellphone number of [their] employees in cases such as this." (*Id.*)

//

2

1    As the Court previously stated, if a pro se plaintiff fails to provide the Marshal with

2    accurate and sufficient information to effect service of the summons and complaint, dismissal of

3    the unserved defendant is appropriate. Fed. R. Civ. P. 4(m); *Walker v. Sumner*, 14 F.3d 1415,

4    1421-22 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

5    Here, the United States Marshal has attempted to serve Defendant Frank Chang without success.

6    (Doc. 19.) Plaintiff identified Defendant Chang as a physician employed at SATF on February 2,

7    2017. (*See* Doc. 1 & Doc. 14 at 1.) The United States Marshal was advised by the CDCR that

8    Chang could not be located at SATF. (Doc. 17.) CDCR provided a last known address for Chang:

9    161 W. Fairview Avenue, in San Gabriel, California. (*Id.*) The United States Marshal then

10   attempted personal service at Defendant Chang's last known address. (Doc. 18.) Those efforts

11   were unsuccessful because the Marshal was advised by the current occupant of the residence that

12   Chang has not resided at that address for more than two years. (*Id.*) In sum, Plaintiff has failed to

13   provide the Marshal with accurate and sufficient information to effect service of the summons

14   and Plaintiff's complaint on Defendant Chang. *Walker*, 14 F.3d at 1421-22.

15   Plaintiff is entitled to assistance in effecting service due to his status as an incarcerated pro

16   se plaintiff proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(3). It is Plaintiff's burden, however,

17   to obtain sufficient information regarding defendants' identities and current addresses to effect

18   service of process. *Puett v. Blandford*, 92 F.2d 270, 275 (9th Cir. 1990) (in forma pauperis litigant

19   is entitled to have process served by U.S. Marshal if litigant provides necessary information to

20   help effectuate service). The United States Marshal has assisted Plaintiff; however, based upon

21   the information provided by Plaintiff service could not be completed.

22   It is not the Marshal's responsibility to locate Defendant Chang. *See Howard v. Encinas*,

23   No. 1:18-cv-01710-DAD-EPG (PC), 2020 WL 2489634, *2 (E.D. Cal. May 14, 2020) ("As

24   Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect

25   service of summons and complaint on defendant Leno and W. Hanna," where the institution of

26   confinement at the time of the incident reported neither "Leno" nor "W. Hanna" was employed at

27   that institution, the Court recommended dismissal of those defendants) (recommendation adopted

28   July 10, 2020, 2020 WL 3893633); *Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL

1  1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants

2  should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary

3  information and the "USMS does its best to effect service as instructed, but it does not have the

4  ability to track down every defendant named in a complaint if the information provided by the

5  plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia,* 2019 WL

6  1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017

7  WL 1821282, at *5 (E.D. Cal. May 5, 2017) ("Plaintiff argues that the Ninth Circuit should

8  'clearly carve out ... a new rule' requiring district courts to order the U.S. Marshal to access the

9  internet and public records to locate defendants who no longer work for the CDCR for purposes

10  of service. Plaintiff has failed to come forward with any legal precedent for imposing such

11  requirements on the U.S. Marshal and the court has found none. In addition, given the number of

12  incarcerated plaintiffs who proceed pro se in this district, the court declines to impose such an

13  overwhelming and additional burden on the U.S. Marshal").

14       Further, the CDCR has already provided the last known address associated with

15  Defendant Chang, and it is not CDCR's obligation to provide more. *See Lear v. Navarro*, No.

16  1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the

17  Marshal has already attempted to serve Defendant Plata with the information that was provided,

18  the Court finds that Plaintiff has not provided sufficient information to identify and locate

19  Defendant Plata for service of process. To the extent Plaintiff requests that the Court order

20  [CDCR] Defendants or defense counsel to provide such information directly to the Court, by

21  order or by email, the Court declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-

22  BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to

23  provide the Court with updated contact information for the defendant; because plaintiff had "no

24  other information that can be used to locate Defendant Nelson, and as the Marshal has already

25  attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff

26  has not provided sufficient information to identify and locate Defendant Nelson for service of

27  process").

28       The Court will not order the United States Marshal or the CDCR to do more. Both entities

4

1   have attempted service based on the information that is Plaintiff's burden to provide. While the

2   Court understands Plaintiff is incarcerated and has limited access to information, that limitation

3   does not shift the burden to the United States Marshal, CDCR, or this Court.

4        Plaintiff will be provided **one final opportunity** to provide additional information that

5   will assist the United States Marshal in locating Defendant Chang for service of process. If

6   Plaintiff is unable to provide the United States Marshal with the necessary information to locate

7   Defendant Chang, he will be dismissed from this action, without prejudice, pursuant to Rule 4 of

8   the Federal Rules of Civil Procedure.

9       **III.**    **CONCLUSION AND ORDER**

10        Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff **SHALL** provide the

11   Court with additional information concerning Defendant Chang's current location **within 30 days**

12   of the date of service of this order.

13        **Plaintiff is advised that a failure to provide sufficient information will result in a**

14   **recommendation that Defendant Chang be dismissed, without prejudice, from this action**

15   **due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

16

17   IT IS SO ORDERED.

18   Dated:  **October 20, 2023**          */s/ Sheila K. Oberto*

19                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28