UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK CHANG,<br><br>    Defendant. | Case No.: 1:22-cv-00726 SKO (PC)<br><br>**ORDER DIRECTING UNITED STATES MARSHAL TO SERVE DEFENDANT FRANK CHANG** |

Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Frank Chang for a violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

Following screening of Plaintiff's complaint, this Court issued its Order Finding Service Appropriate on April 18, 2023. (Doc. 14.) Service was to be effected on "**Frank Chang, M.D.,** allegedly employed as physician at the California Substance Abuse Treatment Facility in Corcoran, on February 2, 2017." (*Id*.)

On May 30, 2023, the California Department of Corrections and Rehabilitation ("CDCR") filed a notice of intent to waive service for Defendant Chang at the Substance Abuse Treatment Facility ("SATF"). (Doc. 16.)  On June 5, 2023, the CDCR filed a notice of intent not to waive service, indicating attempted contact with Defendant Chang at SATF "failed," and a last known

address of "161 W. Fairview Ave., San Gabriel, CA 91776" was provided. (Doc. 17.)

On September 15, 2023, the United States Marshal Service filed its USM-285 form indicating service could not be effected on Defendant Frank Chang. (Doc. 18 at 1.) The United States Marshal was advised by the current resident of 161 W. Fairview Avenue in San Gabriel, California, that Chang has not resided at that address "as of March 2021." (*Id*. at 2.)

The Court issued its Order To Show Cause ("OSC") Why Defendant Chang Should Not Be Dismissed From This Action For Plaintiff's Failure To Provide Sufficient Information To Effectuate Service on September 18, 2023. (Doc. 19.) Plaintiff was ordered to respond to the OSC or, alternatively, to provide additional information concerning Defendant Chang's current location. (*Id.* at 3.)  After Plaintiff filed a response, (Doc. 20), the Court issued its Order discharging the OSC and directed Plaintiff to provide sufficient information to effectuate service upon Defendant Chang within 30 days. (Doc. 21.)

After a brief extension of time, on December 26, 2023, Plaintiff filed a document titled "Response to Order Directing Plaintiff to Provide Sufficient Information to Effectuate Service on Defendant Chang." (Doc. 25.)

**II.     DISCUSSION**

*Request for Judicial Notice*

Plaintiff seeks judicial notice pursuant to "F.R.C.P. 501" that the "courts have imposed on this indigent prisoner the responsibility to locate and provide the courts with any and all relevant contact information for defendant Frank Chang." (Doc. 25 at 1.) Plaintiff contends he "had to borrow funds from family members just [to] obtain investigative services for the whereabouts of the defendant in this case." (*Id.*)

The Court presumes Plaintiff intended to cite Rule 201 of the Federal Rules of Evidence. Titled "Judicial Notice of Adjudicative Facts" that rules provides as follows:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

>**(1)** is generally known within the trial court's territorial jurisdiction; or
>
>**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
>**(c) Taking Notice.** The court:
>
>>**(1)** may take judicial notice on its own; or
>>
>>**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
>**(d) Timing.** The court may take judicial notice at any stage of the proceeding.
>
>**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
>
>**(f) Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

As the Court has explained previously (*see* Doc. 19 at 3 & Doc. 21 at 3), it is Plaintiff's obligation to provide adequate and sufficient information to effect service of the summons and complaint despite his indigency. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Plaintiff was ordered "to provide the Court with additional information concerning Defendant Chang's current location" (Doc. 21 at 5*; see also* Doc. 19 at 3). The Court did not order Plaintiff "to provide the courts with any and all relevant contact information."

Second, whether Plaintiff "had to borrow funds from family members" to "obtain investigative services" is not a fact "generally known within [this Court's] territorial jurisdiction," nor is Plaintiff's statement a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(1) & (2).

For these reasons, the Court denies Plaintiff's request that the Court take judicial notice of it having "imposed on this indigent prisoner the responsibility to locate and provide the courts with any and all relevant contact information for defendant Frank Chang" or that Plaintiff "had to borrow funds from family members" in order to "obtain investigative services."

*Additional Information Provided by Plaintiff*

Plaintiff has provided additional information to the Court concerning Defendant Chang. That information includes licensing status, aliases, relatives and close associates, a legal business name, business mailing addresses, addresses associated with Chang's practice, current home addresses, and current telephone numbers. (Doc. 25 at 2-5.)

The Court will direct the United States Marshal to attempt to re-serve Frank Chang, M.D. given this additional information.

*Plaintiff's Request That Defendant Chang Not Be Dismissed*

Plaintiff requests Defendant Chang "[n]ot be dismissed from this claim and all attempts made by defendant Frank Chang to avoid service, controverting the USMS ability to properly effectuate service and using his close associates and relatives to lie to the USMS and help the defendant evade service must be punished for delaying proceedings and disrespecting the courts time." (Doc. 25 at 5.)

There is no evidence before the Court that Defendant Chang has sought to avoid service or that Chang's associates or relatives have lied to the United States Marshal to help him evade service of process and delay these proceedings. The record before this Court indicates only that Defendant Chang could not be located at either SATF or at his last known address in San Gabriel, California.

As set forth above, the Court will order the United States Marshal to attempt service of process on Defendant Chang in light of the additional information Plaintiff has provided to the Court. As a result, no action is being taken at this time to dismiss Defendant Chang from the action. Should future efforts to effectuate service of process be unsuccessful, the Court may be required to take such action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### III.    CONCLUSION AND ORDER

Following submission of additional contact information provided by Plaintiff (Doc. 25 at 2-5), the United States Marshal will be directed to serve the summons and complaint upon Defendant Frank Chang employing the information provided by Plaintiff.

Accordingly, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court SHALL provide the United States Marshal with a copy of the complaint, the summons, Plaintiff's response filed December 26, 2023 (Doc. 25) and this order; and

2. The United States Marshal SHALL serve process of the complaint, the summons, and this order upon Defendant Frank Chang pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c). **Within 10 days of personal service**, the United States Marshal shall file the return of service, along with the costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served defendant in accordance with Fed. R. Civ. P. 4(d)(2).

IT IS SO ORDERED.

Dated:   **January 2, 2024**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE