UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>            Plaintiff,<br><br>     v.<br><br>FRANK CHANG,<br><br>            Defendant. | Case No.: 1:22-cv-00726 SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 24) |

Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On June 2, 2022, Plaintiff filed his complaint and a motion seeking the appointment of counsel. (Docs. 1 & 2.) On July 7, 2022, the Court issued its Order Denying Plaintiff's Motion for Appointment of Counsel. (Doc. 10.)

Following screening of the complaint, service of the complaint was ordered and efforts in that regard continue. (*See* Docs. 14, 19, 21 & 26.)

On January 2, 2024, Plaintiff filed a second motion to appoint counsel. (Doc. 24.)

**II.    DISCUSSION**

*Plaintiff's Motion for the Appointment of Counsel*

Plaintiff contends his incarceration "so restricts his ability to effectively litigate the causes

of action in this case that his right to redress would be unduly restricted." (Doc. 24 at 1.) Plaintiff asserts staff shortages in the law library amount to limited access concerning "research, copies, and services, complying with court orders and court appearances." (*Id*.) Plaintiff contends an "attorney can do things" he cannot do "in relation to access, research, making appearances, trial preparations, interviewing witnesses, defendant(s), other investigative strategies, and, lastly, the complexity of the case." (*Id*.) Plaintiff asserts the "permanent loss of [his] finger has created many disadvantages" including being unable "to grip a pen or pencil without being in pain," limiting his "ability to write or type" and requiring "assistance from inmates and or ADA workers that will ultimately create a liability that will expose [him] to dangers unseen." (*Id*. at 1-2.) Plaintiff contends he is "a part of the MENTAL HEALTH DELIVERY SYSTEM@ the EOP level of care." (*Id*. at 2.) He suffers from PTSD, night terrors, depression and anxiety, making it difficult to "truly concentrate and do the task at hand. (*Id.*) Plaintiff asserts a trial "will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses." (*Id*.) He states he has not "taken any steps or explored any avenues in seeking counsel," and asks the Court to appoint counsel "from the California Pro Bono Project." (*Id*.)

### *Legal Standards and Analysis*

As Plaintiff was previously advised, plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &

citations omitted).

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claim. While Plaintiff's complaint was screened as required by 28 U.S.C. § 1983 (*see* Doc. 13), and service of process concerning Defendant Chang is ongoing, the determination whether there is a likelihood of success on the merits is premature. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening"); *Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) ("Because Defendants have yet to respond to the Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature").

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Plaintiff's filings as directed by the Court have been responsive to the Court's directions and reflect that Plaintiff is logical and articulate. (*See* Docs. 20, 22 & 25.) The Court finds Plaintiff able to articulate his claim in light of its complexity. The Court also found Plaintiff plausibly alleged an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Chang. (*See* Doc. 13 at 3-5.) That claim is not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Porter*, 2023 WL 4765492, at *1.

Next, neither incarceration nor indigency are exceptional circumstances warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2034 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford

counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010).

Limited access to the law library is not an exceptional circumstance and is common to most prisoners. *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023); *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"). To the extent Plaintiff's access to the law library is restricted due staff shortages, the Court will entertain motions for additional time to comply with deadlines in this case, for good cause shown. Such restrictions, however, are not a basis for the appointment of counsel. *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020).

The fact that an attorney would be better prepared to litigate and try this action does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances"). Also, as previously explained, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective

of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Next, as noted in this Court's previous denial order, Plaintiff has not presented evidence that his physical limitation impedes his ability to litigate this case. A review of Plaintiff's complaint reveals "an amputation of his distal phalanx on the left middle finger distal to the DIP. … The amputated distal fingertip measures 2 cm in length with the entire nail bed within the fragment." (Doc. 1 at 6-7.) While Plaintiff's amputated fingertip can be sensitive and painful, there is no evidence Plaintiff's disability prevents him from articulating his claim. Plaintiff also acknowledges the availability of assistance from another inmate or ADA workers who can assist him in adequately articulate his claims with that assistance. *See Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ... as well as the matters now before the court"). As previously found, Plaintiff's contention that those individuals "create a liability that can and will expose [him] to dangers unseen" is speculative and illogical. Once again, Plaintiff does not explain how another inmate or an ADA worker's assistance would "create a liability" or present "dangers unseen," particularly where those individuals presumably assist Plaintiff by writing or typing documents at Plaintiff's direction instead of authoring the documents.

Lastly, as discussed in the Court's prior denial order, any assertion that Plaintiff's PTSD, night terrors, depression and anxiety, necessitate the appointment of counsel are unpersuasive.

*See Jones v. Kuppinger*, 2015 WL 5522290, at *3–*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"); *McElroy v. Cox*, Civil No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter. *Rand*, 113 F.3d at 1525.

### III.    CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's motion for the appointment of counsel (Doc. 24) is **DENIED**.

IT IS SO ORDERED.

Dated:    **January 4, 2024**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

6