UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>         Plaintiff,<br><br>   v.<br><br>FRANK CHANG,<br><br>         Defendant. | Case No.: 1:22-cv-00726-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND STAYING CASE FOR NINETY DAYS**<br><br>(Doc. 33)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 32) |

Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.**     **INTRODUCTION**

On March 4, 2024, Defendant Chang filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 31.) More than 21 days passed without Plaintiff having filed an opposition or a statement of non-opposition. On April 2, 2024, the Court issued its Order to Show Cause ("OSC") Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition. (Doc. 32.) Plaintiff was directed to respond within 21 days. (*Id*. at 2.)

On April 10, 2024, the United States Postal Service returned the OSC marked "Undeliverable, Unable to Forward." (Docket entry dated 4/10/24.) On May 2, 2024, the Clerk of the Court re-served the OSC to Plaintiff at the California Medical Facility in Vacaville,

California. (Docket entry dated 5/2/24.)

On May 1, 2024, Plaintiff filed a document titled "Motion to Stay Proceedings Due to Mental Health Treatment." (Doc. 33.)  More than 21 days have passed without Defendant having filed an opposition nor a statement of non-opposition. Thus, the Court will treat Plaintiff's motion as unopposed.

## II.     DISCUSSION

### *Plaintiff's Motion*

Plaintiff seeks a stay of these proceedings due to his mental health status. (Doc. 33.) Plaintiff states he has been in a mental health crisis bed since March 11, 2024, and on April 10, 2024, became a participant in the psychiatric inpatient program. (*Id*. at 1.) Plaintiff states he "needs time to get his mental health in order, discharged from this higher level of mental health care program," before he can effectively litigate this matter. (*Id*.) Plaintiff's motion is supported by exhibits indicating he was admitted to the California Medical Facility's Mental Health Crisis Bed Facility on March 11, 2024 (*id*. at 2-5 [Ex. A]) and became a participant in its psychiatric inpatient program on April 10, 2024 (*id*. at 6-10 [Ex. B]).

### *Analysis*

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066–67 (9th Cir. 2007).

As noted above, Plaintiff's motion is unopposed and Plaintiff has established good cause for a stay of these proceedings. The Court will grant Plaintiff's request for a stay. Although Plaintiff does not state how long of a stay he seeks, the Court will stay this action for 90 days to allow Plaintiff to continue mental health treatment. *Clinton*, 520 U.S. at 706; *Dependable Highway Exp., Inc*., 498 F.3d at 1066-67. If after 90 days Plaintiff believes the stay of this action should continue due to his mental health status, he shall file a renewed request with the Court.

Any subsequent request should include the length of the stay Plaintiff believes is necessary and shall be supported by relevant documentation. The Court will also discharge the previously issued OSC and will re-set the deadline for the filing of Plaintiff's opposition to Defendant's pending motion to dismiss once the stay of these proceedings has been lifted.

### III.  CONCLUSION AND ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to stay these proceedings (Doc. 33) is **GRANTED**;
2. This action is **STAYED** for **90 days** from the date of this order;
3. The deadline to oppose Defendant's motion to dismiss will be re-set once the stay of these proceedings is lifted; and
4. The OSC issued April 2, 2024 (Doc. 32) is **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **May 23, 2024**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE

3