UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOUIS SPEARS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRANK CHANG,<br><br>　　　　Defendant. | Case No.: 1:22-cv-00726-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. 31)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff John Louis Spears is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I.  INTRODUCTION

On March 4, 2024, Defendant Chang filed a motion to dismiss Plaintiff's complaint. (Doc. 31.) Following a stay of these proceedings, Plaintiff filed an opposition (Doc. 39), and Defendant replied (Doc. 44).

## II.  PLAINTIFF'S CLAIMS

Plaintiff alleges an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Chang. He states his finger was severed in an accident on February 2, 2017, and Chang and medical staff were alerted that Plaintiff was "en route via medical transport to CTC." (Doc. 1 at 3.) Plaintiff contends Chang failed to properly treat his condition by

improperly storing Plaintiff's severed finger "in a urine sample cup filled with salin[e] solution," resulting in Plaintiff's further significant, "unnecessary, and wanton infliction of pain." (*Id.*) He contends Chang's action caused him permanent injury and irreparable harm, and the permanent loss of his finger. (*Id.*) Plaintiff contends that when his amputated finger was placed in the saline solution, "it destroyed the blood vessels," making reattachment impossible. (*Id.*)

At screening, the Court found:

> Here, Plaintiff has established the first objective prong—a serious medical need—as treatment for a severed or amputated finger is a medical condition injury that a reasonable doctor or patient would find important and worthy of comment or treatment and significantly affects an individual's daily activities. *Colwell*, 763 F.3d at 1066. As to the second subjective prong—demonstrating that Chang knew Plaintiff faced a substantial risk of serious harm and that Chang disregarded that risk by failing to take reasonable measures to abate it—liberally construed, Plaintiff's complaint meets this test. Plaintiff contends Chang knew Plaintiff was in route for treatment of a severed finger, and that in treating Plaintiff prior to Plaintiff being transported to Mercy Hospital for further treatment, Chang failed to take reasonable measures to abate the risk faced by Plaintiff by using improper methods to store Plaintiff's severed finger, making surgical reattachment impossible. *Farmer*, 511 U.S. at 835.

(Doc. 13 at 5.)

### III. LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." And "the question whether [a] claim is barred by the statute of limitations … should ... be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim." *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995); *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987) (a statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is

proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

### IV.   SUMMARY OF THE PARTIES' BRIEFING

***Defendant's Motion to Dismiss (Doc. 31)***

Defendant contends that the claims and issues litigated in a state court proceeding are identical to the claims asserted in this action, barring Plaintiff's operative complaint by the doctrines of res judicata and collateral estoppel. Because Plaintiff's injury occurred on February 2, 2017, his May 25, 2022,[1] the complaint is also barred by the applicable statute of limitations.

***Plaintiff's Opposition (Doc. 39)***

Plaintiff contends the *state court* dismissal "was not due to a failure to state a viable Eighth Amendment deliberate indifference claim," but because Defendant contended there was no evidence to support his claim. Because the dismissal was without prejudice, Plaintiff contends he was able to refile the action in this Court and applying "collateral estoppel/res judicata … would be poor, cursory, and unfair." He asserts that because this Court "has established that there was in fact an Eighth Amendment claim established and violation under the law," that "demonstrates that the [state] court erred in judgment, poor decision making, and [governing]

---

[1] Plaintiff's complaint is signed and dated May 25, 2022, and was filed with the Court on June 2, 2022.

3

1  law." Further, Plaintiff contends a review of the state court claims will reveal he did not have a
2  full and fair opportunity to litigate his claims. Finally, Plaintiff contends this action is not barred
3  by the statute of limitations because he is entitled to equitable tolling.

### *Defendant's Reply (Doc. 44)*

Defendant contends the doctrines of res judicata and collateral estoppel apply, and Plaintiff is not entitled to equitable tolling because he did not pursue his rights diligently, fails to establish extraordinary circumstances, and did not act in good faith.

## V.   REQUEST FOR JUDICIAL NOTICE

Defendant asks the Court to take judicial notice of (1) a first amended complaint filed July 9, 2018, in Kings County Superior Court case number 18C0034; (2) an order sustaining demurrer entered November 7, 2018, in that same action; and (3) Plaintiff's opposition to Defendant's demurrer filed September 30, 2018, in the state court action. (Doc. 31-2.) Plaintiff did not oppose or otherwise address Defendant's request for judicial notice.

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court may take judicial notice of public records that are not subject to dispute. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (a court may take judicial notice of "information [that] was made publicly available by government entities" where "neither party disputes the authenticity ... or the accuracy of the information"). It may also take judicial notice of its own records or those maintained in other federal or state courts. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

The Court recommends granting Defendant's request for judicial notice of the first amended complaint filed July 9, 2018, the opposition to demurrer filed September 30, 2018, and the order sustaining demurrer without leave to amend issued November 7, 2018, in Kings County

4

1  Superior Court case number 18C0034. Judicial notice should be taken as to the records'
2  authenticity and existence but not as to the parties' interpretations of them or as to the truth of the
3  matters stated therein to the extent they are reasonably disputed. *See Tinoco v. San Diego Gas &*
4  *Elec. Co.*, 327 F.R.D. 651, 657 (S.D. Cal. 2018) ("'While matters of public record are proper
5  subjects of judicial notice, a court may take notice only of the authenticity and existence of a
6  particular [record], not the veracity or validity of its contents'"). Accordingly, judicial notice will
7  be taken of the authenticity and existence of those records.

**VI.    DISCUSSION**

*A.  Preclusion Principles Apply to Plaintiff's Claim*

10  Although res judicata is an affirmative defense that typically rests on facts outside the
11  complaint, the Ninth Circuit has routinely held that a res judicata defense may be raised in a
12  motion to dismiss under Rule 12(b)(6) so long as it does not depend on disputed issues of fact.
13  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see also Bayone v. Baca*, 130 F. App'x
14  869, 872 n.5 (9th Cir. 2005) ("We have held that the affirmative defense of res judicata may be
15  raised in a motion to dismiss under Rule 12(b)(6)").

16  Under the Full Faith and Credit Act, "judicial proceedings ... shall have the same full faith
17  and credit in every court within the United States and its Territories and Possessions as they have
18  by law or usage in the courts of such State, Territory or Possession from which they are taken."
19  28 U.S.C. § 1738. Under the doctrine of res judicata, or claim preclusion, a final judgment
20  forecloses "successive litigation of the very same claim, whether or not relitigation of the claim
21  raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). By
22  "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to
23  litigate," the doctrine of claim preclusion protects against "the expense and vexation of attending
24  multiple lawsuits," and "conserve[es] judicial resources, and foste[rs] reliance on judicial action
25  by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147,
26  153-154 (1979).

27  Federal courts must look to state preclusion law when determining the claim-preclusive
28  effect of a state judgment on a federal suit. *Takahashi v. Bd. of Trs.*, 783 F.2d 848, 850 (9th Cir.

1986). "Under California law, '[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action.'" *Id*. at 851 (citing *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1976)). In California, the prerequisite elements for applying the doctrine of res judicata are: "'(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]'" *Boeken v. Philip Morris USA, Inc*., 48 Cal.4th 788, 797 (2010) (citing *People v. Barragan*, 32 Cal.4th 236, 252-53 (2004)).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO)*, 649 F.3d 1067, 1070 (9th Cir. 2011) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006)).

<u>The Same Claim and Issue Were Presented in the State Court</u>

"California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to single cause of action." *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975). "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Gonzales v. California Department of Corrections*, 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting *Eichman v. Fotomat Corp*., 147 Cal.App.3d 1170 (Cal. Ct. App. 1983)); accord *McLain v. Apodaca*, 793 F.2d 1031, 1033-34 (9th Cir. 1986). Stated differently, "A claim is the 'same claim' if it is derived from the same 'primary right,' which is 'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *MHC Financing Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1125-26 (9th Cir. 2013)

(citation omitted).

A review of the complaint filed in the state court action reveals the claim presented in that action involves the same primary right. (*Cf*. Doc. 31-3 at 5-11 to Doc. 1.) Plaintiff alleged that due to Chang's deliberate indifference to his serious medical need, his severed finger could not be surgically reattached following an injury occurring February 2, 2017. Thus, each claim concerns "the same injury to the plaintiff and the same wrong by the defendant." *Gonzales*, 739 F.3d at 1233. Moreover, the same issue was presented in the state court action. *Granite Rock Co*., 649 F.3d at 1070.

### A Final Judgment on the Merits Was Issued

For res judicata to apply, the claim must have been adjudicated on the merits in the earlier suit. A final decision on the merits "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn*., 60 Cal. App. 4th 1053, 1065 (Cal. Ct. App. 1998). Claim preclusion requires a final judgment on the merits. "Dismissal with prejudice" is interchangeable with "final judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *see also Semtek Int'l Inc. v. Lockheed Martin Corp*., 531 U.S. 497, 505 (2001). A dismissal without prejudice is not an adjudication on the merits and does not have res judicata effect. *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 396 (1990); *see also In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999). A dismissal for failure to state a claim constitutes as a final judgment on the merits. *Plaut v. Spendthrift Farm, Inc*., 514 U.S. 211, 228 (1995); *Stewart*, 297 F.3d at 957.

Here, the Kings County Superior Court issued its Order Sustaining Defendant Chang's Demurrer to Plaintiff's First Amended Complaint Without Leave to Amend on November 7, 2018. (Doc. 31-4.) In relevant part,[2] the state court found Plaintiff failed "to state a viable claim for Eighth Amendment deliberate indifference." (*Id*. at 5.) The state court's order is an adjudication on the merits. *Plaut*, 514 U.S. at 228; *Stewart*, 297 F.3d at 957; *Morris v. Tehama*

---

[2] The state court also determined that Plaintiff's "medical malpractice cause of action against defendant Chang was barred by the workers' compensation exclusivity rule." (Doc. 31-4.)

7

*County*, 795 F.2d 791, 794 n.3 (9th Cir. 1986) (citing *Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 52 (1939) (holding that a judgment given after sustaining a general demurrer on grounds of substance, rather than on formal or technical defects, is a judgment on the merits and has a res judicata effect)); *Granite Rock Co.*, 649 F.3d at 1070; *see also Hammler v. Davis*, No. 2:14-cv-2073 MCE AC P, 2016 WL 336193, at *2 n.3 (E.D. Cal. Jan. 28, 2016) ("The sustaining of a demurrer may be construed as an adjudication on the merits for purposes of res judicata").

### Both Actions Involve the Same Parties

There is no dispute that the state court action and this case involve the same parties, Plaintiff and Defendant Chang.

### Plaintiff Had a Full and Fair Opportunity to Litigate

"[T]he party against whom preclusion is urged must have had a 'full and fair opportunity' to litigate his claim." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995) (citing *Kremer v. Chem. Constr. Corp.*, 546 U.S. 461, 480-82 (1982)).

Here, the order sustaining demurrer concerned Plaintiff's first amended complaint in the state court action and followed the state court's consideration of the parties' briefing and oral argument. The judicially noticed documents reveal that Plaintiff had a full and fair opportunity to litigate his claim in the Kings County Superior Court.

### Other Considerations

To the extent Plaintiff contends the state court's order was incorrectly decided, Plaintiff is advised this Court has no authority to revisit the substantive findings and determinations made by the state court. *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) ("A final judgment is afforded preclusive effect even if erroneous"); *Slater*, 15 Cal.3d at 797 ("The consistent application of the traditional principle that final judgments, even erroneous ones ... are a bar to further proceedings based on the same cause of action is necessary to the well-ordered functioning of the judicial process. It should not be impaired for the benefit of particular plaintiffs, regardless of the sympathy their plight might arouse in an individual case").

Moreover, Plaintiff's assertion that this Court "has established that there was in fact an Eighth Amendment claim established and violation under the law," is mistaken. At screening, accepting Plaintiff's factual allegations as true, the Court found Plaintiff presented a *plausible* Eighth Amendment deliberate indifference claim. The Court has not determined that a constitutional violation occurred--only that one was properly alleged.

Finally, Defendants did not argue judicial estoppel applies in this action. Thus, the Court does not address Plaintiff's contentions in that regard.

### *B. The Statute of Limitations Defense is Premature*

California's two-year statute of limitations for personal injury actions applies to section 1983 claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. In addition, California Code of Civil Procedure section 352.1(a) provides an extra two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period can also be tolled for various reasons, including equitable tolling. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id*. at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)) (internal quotation marks omitted).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 591 (9th Cir. 1990).

Under California's test for equitable tolling, a plaintiff must establish "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions, unless they are inconsistent with federal law, and setting forth California's doctrine of equitable tolling).

The Court finds that the running of the limitations period is apparent from the face of Plaintiff's complaint. It alleges that Defendant Chang was deliberately indifferent to Plaintiff's serious medical needs on February 2, 2017—the date Plaintiff's finger was severed, and he was initially treated by Chang. Although the statute of limitations began to run on February 2, 2017, Plaintiff did not file this action until May 25, 2022—five years, 3 months, 3 weeks, and 2 days later. (*See* Doc. 1.) Therefore, on the face of the complaint and absent any tolling, Plaintiff's claim against Chang is time barred. This does not, however, end the Court's inquiry concerning the statute of limitations.

Plaintiff asserts equitable tolling is appropriate during the pendency of a "related tort claim under the CTCA" and that such a filing "constitutes a good faith pursuit of a legal remedy designed to lessen the extent of a plaintiff's damages." Plaintiff also contends "for more than a year[]," California prisoners "had no physical access to the law library, there were staff shortages, and modified program because state workers were sick from COVID 19," and that "Emergency Rule 9"[3] should apply to toll the limitations period.

"Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to

---

[3] Emergency rule 9(a) provides that "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Judicial Council of Cal., Emergency Rules Related to COVID-19. (https://www.courts.ca.gov/documents/appendix-i.pdf, last accessed December 20, 2024.) "By its terms, '[e]mergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action.'" *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-cv-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021) (quoting Judicial Council of Cal., advisory comm. comment to emergency rule 9). The Judicial Council of California also issued a press release regarding a minor revision and clarification to emergency rule 9 wherein it stated that "[t]he rule is broad in scope and applies to all civil causes of action." *Id.* (quoting Judicial Council Revises Emergency Rule on Statutes of Limitations in Civil Cases, Judicial Council of Cal. (May 29, 2020)).

10

the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); accord *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation"); *see also Payne v. Merced County Public Defender's Office*, No. 1:22-cv-00157-BAM, 2024 WL 129865 (E.D. Cal. Jan. 11, 2024) ("As to Defendants' specific assertions regarding equitable tolling, the Court has explained that because equitable tolling is a fact-specific question, it must be resolved in a motion for summary judgment").

The Court finds that equitable tolling is applicable in this action, particularly the tolling of the statute during the pendency of any California Tort Claims Act filing and of Emergency rule 9. The Defendant's statute of limitations defense is more appropriately considered at the summary judgment or trial stage. *Huynh*, 465 F.3d at 1003-04.

### C. Summary of Findings

In sum, this Court finds Plaintiff's claim against Defendant is barred by preclusion principles and will recommend Defendant's motion be granted on that basis. The Court also finds the statute of limitations defense requires consideration of equitable tolling provisions and is premature at this stage of the proceedings. Therefore, it will recommend Defendant's motion be denied on that basis.

**VII.   ORDER AND RECOMMENDATION**

The Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action.

Based on the foregoing, this Court **RECOMMENDS** that:

1. Defendant's request for judicial notice be **GRANTED**;
2. Defendant's motion to dismiss (Doc. 31) be **GRANTED in part** (preclusion principles) and **DENIED in part** (statute of limitations);
3. Leave to file an amended complaint be **DENIED**; and
4. Plaintiff's complaint be **DISMISSED** with prejudice and the case closed.

These Findings and Recommendations will be submitted to the United States District

11

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 27, 2024**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE